IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CARL EDWARD WILLIS                                                                PETITIONER
ADC #134185

V.                              NO. 5:12cv00045 KGB-JTR

RAY HOBBS, Director,                                                              RESPONDENT
Arkansas Department of Correction

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

# **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Carl Edward Willis, formerly an Arkansas Department of Correction

(ADC) inmate.[1] (Docket entry #2.) Respondent has filed a Response. (Docket entry #6.) Although directed to file a Reply, Petitioner did not do so and the deadline for filing has passed. (Docket entry #7.) Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's claims, the Court will review the relevant procedural history surrounding his claims.

In August 2005, Petitioner was convicted of second degree sexual assault in Sebastian County and sentenced to 144 months of imprisonment. (Resp't Ex. 1 [docket entry #6-1].)

On direct appeal, he argued that the trial court erred: (1) in denying his motion in limine to exclude testimony regarding similar prior bad acts; (2) in allowing improper victim-impact testimony; and (3) in refusing to exclude two witnesses from the courtroom during a pretrial hearing. On August 30, 2006, the Arkansas Court of Appeals affirmed his conviction. *Willis v. State*, No. CACR 05-1111, 2006 WL 2502229 (Ark. Ct. App. Aug. 30, 2006) (unpublished).

Petitioner then had eighteen calendar days, until September 17, 2006, to file a petition for review with the Arkansas Supreme Court. Ark. Sup. Ct. R. 2-4(a).

---

[1] Mail sent to Petitioner at his ADC address was recently returned "undeliverable." (Docket entry #12.) The ADC website confirms that he is no longer incarcerated there. He has not informed the Court of a new address, as required by Local Rule 5.5(c)(2).

Because September 17 fell on a Sunday, the deadline became Monday, September 18, 2006. *See* Ark. R. App. P.-Crim. 17. Petitioner did not file a petition for review with the Arkansas Supreme Court.

Later, Petitioner moved to file a belated petition for review. On May 10, 2007, the Court denied the motion, finding "no good cause to allow [him] to proceed with such a petition pro se after the mandate has issued." *Willis v. State*, No. CR 06-1241, 2007 WL 1367596 (Ark. Sup. Ct. May 10, 2007) (unpublished *per curiam*).

On January 25, 2011, Petitioner filed a petition for writ of habeas corpus in Jefferson County Circuit Court, pursuant to Ark. Code Ann. § 16-112-101, *et seq.* He alleged that: (1) his trial counsel was ineffective; (2) he was denied due process when he was tried and convicted without being charged by information and without being arrested on the charge; and (3) the trial court committed error. The Jefferson County Circuit Court denied relief. *Willis v. Hobbs*, No. CV-2011-53-5 (Jefferson Co. Cir. Ct. Mar. 18, 2011) (Resp't Ex. 2 [docket entry #6-2]). Petitioner appealed.

On December 1, 2011, the Arkansas Supreme Court dismissed Petitioner's appeal, finding that the state habeas petition was "clearly without merit." *Willis v. Hobbs*, 2011 Ark. 501, 2011 WL 5995593 (unpublished *per curiam*) (Resp't Ex. 3 [docket entry #6-3]).

On January 30, 2012, the Clerk of the Court received Petitioner's § 2254

Petition initiating this action. In his Petition, he argues that: (1) he is actually innocent; (2) he was never charged with, arrested for, arraigned on, or given notice of any charge other than rape; (3) he was twice left without legal representation during crucial parts of his case; (4) he was forced to proceed to trial with an attorney he did not want; (5) the trial court improperly denied his requests for a continuance and for other counsel; (6) his attorney failed to investigate his case; (7) his attorney failed to interview and secure witnesses to support Petitioner's alibi defense; (8) his attorney attacked the testimony of the only two defense witnesses; (9) his attorney failed to properly and effectively examine witnesses for the prosecution and the defense; (10) his attorney allowed prosecution witnesses to give testimony that was perjured and hearsay; (11) the presence of a police officer and others in the courtroom was a "prejudicial influence"; and (12) the trial judge was biased and made rulings that denied him a fair and impartial trial.

In his Response, Respondent argues that: (1) all of Petitioner's claims are barred by the one-year statute of limitations applicable to federal habeas petitions; (2) Petitioner's first claim does not state a ground for habeas relief; and (3) his remaining claims are procedurally defaulted because he failed to properly present them to the state courts.

For the reasons explained below, the Court concludes that all of Petitioner's

habeas claims are time-barred. Accordingly, the Court need not address Respondent's other arguments for dismissal.

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for federal habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a state prisoner who does not seek review in a state's highest court, the judgment becomes "final" on the date that the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

On August 30, 2006, the Arkansas Court of Appeals denied Petitioner's direct appeal. Because he did not timely file a petition for review with the Arkansas Supreme Court, his conviction became "final" on September 19, 2006, when he could no longer seek such review. Section 2244(d)'s statute of limitations began running on that date and expired, one year later, on September 19, 2007.[2] *See Johnson v.*

---

[2]As discussed, the Arkansas Supreme Court *denied* Petitioner's belated petition for review of the Arkansas Court of Appeals' decision. If that petition had been *granted*, this would have reopened direct review of Petitioner's conviction and reset the date when his conviction became "final" under § 2244(d)(1)(A). *See Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009).

*Hobbs*, No. 11-1744, 2012 WL 1499916, at *2 & n.3 (8th Cir. May 1, 2012); *King v. Hobbs*, 666 F.3d 1132, 1136 & n.3 (8th Cir. 2012). The one-year statute of limitations is deemed to be tolled on the date a pro se prisoner delivers his habeas petition to prison authorities for mailing to the Court. *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999); Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. The Court will assume that Petitioner delivered his habeas Petition to prison authorities for mailing on January 16, 2012, the day he signed it. This means his Petition is deemed to have been "filed" with the Court on January 16, 2012, over four years *after* the expiration of the statute of limitations.

The one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). However, the statute of limitations for a federal habeas action cannot be tolled after it has expired. *Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006). In this case, Petitioner's 2011 state habeas petition did *not* toll the limitations period because it was filed *long after* September 19, 2007.

Finally, the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Thus, it may be subject to equitable tolling in appropriate cases. *Id.* A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been

"pursuing his rights diligently"; but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562.

Petitioner has not shown that he acted with diligence in asserting his federal habeas claims, nor has he alleged, much less demonstrated, the existence of any extraordinary circumstances. Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). A petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, have been held not to justify equitable tolling. *See, e.g., Earl v. Fabian*, 556 F.3d 717, 724-25 (8th Cir. 2009); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).

Petitioner makes the conclusory assertion that he is "actually innocen[t]," a contention that may be relevant to equitable tolling. However, for such a claim to be viable, a habeas petitioner "would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations."

*Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002). Petitioner does nothing to make the detailed evidentiary showing necessary to invoke the narrow "actual innocence" exception.[3] Thus, equitable tolling does not apply.

Accordingly, this Petition should be denied in its entirety as untimely.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (docket entry #2) be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy § 2253(c) when habeas petition is denied on procedural grounds, petitioner must show "that jurists of reason would find it debatable whether the petition states

---

[3] Petitioner's actual-innocence claim seems to be based on allegedly conflicting dates given by witnesses for events that in no way tend to establish that he is "actually innocent" of the sexual assault for which he was convicted. (Docket entry #2, at 4-5, 9.) Apart from this fatal flaw in his actual-innocence argument, the Arkansas Court of Appeals referred to these alleged date discrepancies in affirming the trial court's decision to admit the testimony of these witnesses. *Willis*, 2006 WL 2502229, at *2, *3, *5. Thus, this alleged disagreement among witnesses over the dates that largely irrelevant events took place, in no way constitutes *new evidence* sufficient to support a claim of "actual innocence."

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

DATED this 24th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE